# UNITED STATES DISTRICT COURT

CARRIE LOUISE THIGPEN,

        Plaintiff,

v.   No.:_____

U-HAUL INTERNATIONAL, INC
C/o 2727 N Central Ave Phoenix, AZ 85004.;
XYZ INSURANCE COMPANY
(Fictitious Name for CGL Carrier suspected AIG)
C/o 1271 Ave Of The Americas, Fl 37,
New York, NY, 10020-1304;
JOHN/JANE DOE CLAIMS AGENTS;
JOHN/JANE DOE INSURANCE ADJUSTERS;
JOHN/JANE DOE IMPERSONATOR(S);
and JOHN/JANE DOE LAW ENFORCEMENT
CO-CONSPIRATORS,

        Defendants.

---

## COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE REMEDIES UNDER 28 U.S.C. §§ 2201–2202 AND 42 U.S.C. § 1983

---

TO THE HONORABLE COURT:

Plaintiff Carrie Louise Thigpen, appearing pro se, respectfully files this Complaint for Declaratory Relief and related equitable remedies to establish the legal status, rights, obligations, and duties of the parties concerning a dispute

involving misuse of police authority, impersonation of law enforcement, false accusations of criminal conduct, and improper attempts by commercial actors to offload liability through abuse of public legal channels.

Plaintiff respectfully shows the Court as follows:

I. NATURE OF ACTION

1. This is an action for declaratory relief under 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act) and 42 U.S.C. § 1983, arising from a scheme orchestrated by U-Haul International, Inc. and/or its insurer or agents to falsely assign criminal conduct to Plaintiff for purposes of evading corporate liability under a Commercial General Liability (CGL) insurance policy.

2. This suit seeks a judicial declaration as to the true facts and legal relationships among the parties, including whether Plaintiff committed any crime, whether the impersonation of law enforcement occurred, and whether Plaintiff is or was legally responsible for losses alleged by U-Haul or its insurer.

3. The Court's declaration is necessary and proper to resolve an actual and immediate controversy that affects Plaintiff's liberty, civil rights, and standing in

the community and all of the parties are not citizens nor residents of the same state.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), and 2201, as this action arises under federal law and presents an actual case or controversy concerning Plaintiff's rights under the United States Constitution and federal statutes.

5. Venue is proper under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred in specifically in Bibb County, Georgia, involving Bibb County people and crossed over into Tennessee to impact Plaintiff who resides in Tennessee.

## III. PARTIES

6. Plaintiff Carrie Louise Thigpen is an adult resident of Tennessee, with no prior criminal record, who now seeks to have her legal status and the accusations made against her declared and resolved.

7. Defendant U-Haul International, Inc. is a for-profit corporation headquartered in Arizona, doing substantial business in Georgia and Tennessee, and is believed to have initiated or caused the chain of events giving rise to this controversy.

8. Defendant XYZ Insurance Company is the unknown or unnamed CGL insurer for U-Haul and is believed to have an interest in the outcome of the matters alleged herein.

9. Defendant John/Jane Doe Claims Agents are individuals acting on behalf of U-Haul who made or encouraged false statements to authorities.

10. Defendant John/Jane Doe Insurance Adjusters are affiliated with U-Haul's insurer and are believed to have misrepresented or mischaracterized Plaintiff's conduct.

11. Defendant John/Jane Doe Impersonators falsely claimed to be law enforcement, thereby invoking legal force and causing Plaintiff distress under false pretenses.

12. Defendant John/Jane Doe Law Enforcement Co-Conspirators include any officials who assisted or enabled the above conduct knowingly or negligently.

## IV. FACTUAL BACKGROUND & CONTROVERSY

13. Plaintiff lawfully operated a U-Haul vehicle at the request of parties who rented the vehicle and returned it, or attempted to, without ever signing or entering into a rental contract.

14. Thereafter, Plaintiff was contacted by an individual posing as law enforcement, who accused her of theft or criminal wrongdoing and requested information under threat of prosecution at all times representing that he was an "investigator" and some sort of official law enforcement member.

15. Upon contacting the Bibb County Sheriff's Department, Plaintiff was told that no such investigation existed, suggesting that the person contacting her was impersonating an officer—a serious crime.

16. Despite this, U-Haul and/or its agents continued to maintain that Plaintiff was liable or responsible for missing contents allegedly associated with the truck, and falsely portrayed Plaintiff to someone who posed as law enforcement as having committed theft.

17. Plaintiff denies all such accusations and asserts that she committed no criminal act, had no intent to deprive, and was never informed of any issue regarding missing property.

18. The apparent purpose of this conduct was to avoid triggering U-Haul's or its clients' insurance obligations by wrongfully asserting criminal conduct to invoke exclusions or shift loss to Plaintiff.

19. Plaintiff has suffered serious and ongoing harm, and injury, including reputational injury, emotional distress, fear of wrongful arrest, and a risk of false imprisonment or continued abuse of process.  Even worse the party impersonating an officer was attempting to get her to meet at a location to "turn herself in" which is scary considering that it was all a ruse.

V. REQUEST FOR DECLARATORY RELIEF

20. Find and Declare that an actual, justiciable controversy exists between Plaintiff and Defendants as to the following material facts and legal relationships:

  a. Whether Plaintiff is suspected of committing any crime;

  b. Whether Defendants knowingly or negligently misrepresented Plaintiff's actions;

   c. Whether any report or warrant exists based on false or impersonated law enforcement contact;

   d. Whether U-Haul, its agents, or insurer acted to avoid contractual obligations through false allegations, impersonating law enforcement, or making false criminal allegations.

21. Plaintiff is entitled to a declaration of her rights and legal status, and whether any accusation of criminal conduct is void, fabricated, or unsupported by law or fact.

22. Plaintiff further seeks a declaration that any criminal warrant issued must be quashed, and that any further reliance on the prior allegations constitutes a continuing civil rights violation.

VI. VIOLATIONS OF 42 U.S.C. § 1983

23. Defendants, acting under color of state law (via impersonation and/or actual abuse of prosecutorial or investigatory processes), violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution.

24. This includes deprivation of liberty without due process, malicious prosecution, reputational harm, and denial of equal protection through selective or false targeting.

25. Plaintiff seeks redress under 42 U.S.C. § 1983 and a finding that her constitutional rights were violated by the intentional or negligent acts of one or more Defendants and she reserves the right to amend her complaint with specifics, parties names, and further details as they become available to her through the suits discovery processes and proceedings.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Plaintiff committed no criminal conduct and has no legal liability regarding the U-Haul incident;

B. Declare that any warrant, accusation, or record resulting from this incident is invalid, unsupported, and must be rescinded;

C. Declare that U-Haul, its insurer, and agents acted improperly in making or encouraging false accusations to avoid liability;

D. Declare that any impersonation of law enforcement constitutes fraud and deprivation of rights under color of law;

E. Declare that Plaintiff is entitled to compensatory and punitive damages under 42 U.S.C. § 1983 and applicable law, including for emotional distress, reputational damage, and constitutional violations;

G. Declare that the Plaintiff should be reimbursed for fees and costs under 42 U.S.C. § 1988;

H. Grant such other and further relief as the Court deems just and proper under the totality of the circumstances.

All above is sworn as true per penalty of perjury under 28 USC 1746.

Respectfully submitted,

/s/x_____ [L.S./SEAL]
Carrie Louise Thigpen, Pro Se
110 Chickadee Ave
Middleton, TN. 38052
Carriecarleon@gmail.com

PROOF OF SERVICE:

I certify that a copy of this has been served on everyone involved at each parties address for service of process and other papers on this 3/25/2025 via USPS Cert Mial Prepaid by placing in the mail addressed to each as NOTICE OF INTENT TO SUE.

/s/x_____ [L.S./SEAL]
Carrie Louise Thigpen, Pro Se
110 Chickadee Ave
Middleton, TN. 38052
Carriecarleon@gmail.com